# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELAND WILEY,<br><br>                    Plaintiff,<br><br>   vs.<br><br>JUAN ECHEVERRIA, MARTIN AUZA, MARTIN AUZA SHEEP CO., DOES 1-10<br><br>                    Defendants. | CASE NO. 08-CV-00909-H (NLS)<br><br>ORDER REGARDING SERVICE OF DEFENDANT JUAN ECHEVERRIA BY PUBLICATION |

On March 28, 2008, Plaintiff filed a motor vehicle negligence complaint in the Superior Court of the County of Imperial. (Doc. No. 1.) Martin Auza and Martin Auza Sheep Co. removed the case to federal court on May 22, 2008, before Plaintiff served defendant Juan Echeverria ("Echeverria"). On June 2, 2008, Plaintiff filed a motion for an order allowing publication of summons, pursuant to California Code of Civil Procedure § 415.50, after six attempts to serve Echeverria personally at a business address identified in the traffic collision report. (Doc. No. 5; Supplemental Decl. Raul Cadena.) Echeverria's employer, Martin Auza, indicated that Echeverria had returned to Peru. (Decl. Raul Cadena at 2.) Plaintiff conducted online database searches for a Peru listing, but did not obtain any contact information. (Id.) Plaintiff is unaware of Echeverria's citizenship or current location. (Supplemental Brief at 2.)

/ / /

## Discussion

Under Federal Rule of Civil Procedure ("FRCP") 81(c)(1), the federal rules apply to cases removed to federal court before service of summons. Plaintiff requests permission to serve Echeverria by publication under California Code of Civil Procedure ("CCP") § 415.50 and FRCP 4(e)(1). Rule 4(e)(1) applies to service of individuals residing within a judicial district of the United States. Based on the information submitted by Plaintiff, however, it is unclear whether Echeverria still resides in the United States. FRCP 4(f) generally provides methods of service on defendants in a foreign country.

Rule 4(f)(3) allows for service by means not prohibited by international agreement, and there is no agreement prohibiting service by publication here. The United States and Peru have signed and ratified the Inter-American Convention on Letters Rogatory ("IAC"), which provides for service by letters rogatory in signatory countries. The Ninth Circuit has not addressed the issue of whether the IAC prevents other methods of international service, but other courts interpreting the IAC have consistently held that the IAC does not mandate an exclusive means of service. See, e.g., Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 634, 637-44 (5th Cir. 1994); Pizzabiocche v. Vinelli, 772 F. Supp. 1245, 1249 (M.D. Fla. 1991).[1] The Court is persuaded by these opinions and concludes that the IAC does not preempt service in Peru by other means consistent with the Federal Rules. Furthermore, the Court notes that the IAC does not clearly provide a method for serving defendants whose location is unknown. Therefore, even if it preempts some forms of service, it is unlikely that it would do so under these circumstances.

Rule 4(k)(1)(a) provides that service establishes personal jurisdiction over one who is "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." In general, California permits it courts to exercise

---

[1] In SEC v. Int'l Swiss Invs. Corp., 895 F.2d 1272, 1275-76 (9th Cir. 1990), the Ninth Circuit concluded that, prior to ratification, the IAC did not preempt the federal rules for service. Since the IAC was subsequently ratified, that conclusion no longer controls.

jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." See CCP 410.10. California law also provides for service by publication on a person in a foreign country under certain circumstances. CCP § 413.10 permits service on a person outside the United States "as directed by the court in which the action is pending." Section 413.30 allows the court "to direct that summons be served in a manner reasonably calculated to give actual notice to the party to be served and that proof of such service be made." Section 415.50 permits service by publication when "the party to be served cannot with reasonable diligence be served in another manner specified in this article." See also Cal. Gov't Code § 6064 (defining requirements of service by publication). Reasonable diligence is a "thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney," as appropriate to the specific facts of each case. See Kott v. Superior Court, 45 Cal. App. 4th 1126, 1137-38 (1996) (quoting Cal. Judicial Council com., 14 West's Ann. Code Civ. Proc. (1973 ed.) § 415.50, pp. 561-563.). Due Process also requires that service by publication be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

Plaintiff exercised reasonable diligence by attempting to serve Echeverria personally six times at Echeverria's last known place of business, by inquiring of Echeverria's former employer, and by conducting online database searches for Echeverria's address in Peru. (Decl. Raul Cadena at 2.) Despite these attempts, Plaintiff has been unable to locate Echeverria or any person who knows where Echeverria lives. (Id.) Leaving a copy of the summons and complaint at Echeverria's last known place of business will not apprise him of the pending action since he no longer works there and his former employer does not have his current address. CCP § 415.20. Similarly, Plaintiff cannot mail a copy of the summons and complaint to Echeverria since his address remains unknown. CCP § 415.30(a). Therefore, the Court

1  concludes that Plaintiff exercised reasonable diligence.
2      The Court concludes that under these circumstances, the proposed method of
3  service by publication is appropriate under both Rule 4(e) and 4(f).  Furthermore, the
4  Court concludes that service by publication is permitted by the California long-arm
5  statutes and satisfies due process.

6                                **Conclusion**

7      The Court allows service by publication in accordance with CCP § 415.50 and
8  California Government Code § 6064.  Accordingly, service by publication shall be in
9  a newspaper, or newspapers, "most likely to give actual notice."  CCP § 415.50.
10     IT IS SO ORDERED.
11 DATED:  August 12, 2008
12
13                                   MARILYN L. HUFF, District Judge
                                     UNITED STATES DISTRICT COURT
14 COPIES TO:
   All parties of record.
15
16
17
18
19
20
21
22
23
24
25
26
27
28